JASON R. SWIFT, Appellant; GEORGE VAN -TINE and Others, Respondents.

Appeal by Jason R. Swift, proponent, and as executor of the instrument propounded as the last will and testament of Francis Van Tine, deceased, from a decree of the Surrogate's Court of the county of Cayuga, entered February 4, 1916; also from an order of said court entered on the same day denying proponent's motion for a new trial; also from an order of the Supreme Court upon the trial of the issues sent therein by the Surrogate's Court, denying the motion for a new trial entered in Cayuga county clerk's office on the 20th day of January, 1916.

PER CURIAM: The jury found by their answers to the questions submitted to them that at the time of the making of the alleged will the testator was of sound mind and capable of making the same, but that he never executed it, and also that the execution was obtained by undue influence. Assuming that these findings may be reconciled we are of the opinion that the finding that the testator did not execute the will, and that the execution was obtained by undue influence, is each against the weight of the evidence, and that the verdict of the jury should have been set aside upon that ground. The decree and orders denying motion for a new trial should be reversed and a new trial granted, with costs to the appellant to abide the event. All concurred. Decree and orders denying motion for new trial reversed and a new trial granted, with costs to appellant to abide event.

___

In the Matter of the Estate of GEORGE RALPH, Deceased. GEORGE J RALPH, as Trustee, etc., Appellant; CHARLES McKINNEY, Respondent. — Order affirmed, with costs to the respondent payable out of the estate. All concurred, except Foote, J., who dissented upon the ground that the petitioner has no interest in the estate.

WILLIAM J. MADDOX, Respondent, v. JAMES E. HANSON, Appellant. — Order modified by restricting the examination before trial to the course

of business conducted in the name of the Hanson Electric Company by the plaintiff or defendant, or both, from and after April 4, 1913, down to and including the 17th day of April, 1915, for the purpose of enabling the plaintiff to prove the allegations of partnership in the complaint, without prejudice to the right of the plaintiff to make further application for the examination of the defendant as bearing upon the allegations of accounting contained in the complaint, after interlocutory judgment establishing and adjudging a partnership between the plaintiff and defendant; and as so modified the order is affirmed, without costs of this appeal to either party.   All concurred.